

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00154-CR

---

Steven Harry Croan, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 109th District Court
Andrews County, Texas
Trial Court No. 8380

---

## MEMORANDUM OPINION

On February 27, 2024, Appellant Steven Harry Croan pleaded guilty to a second-degree felony offense of theft of property. Tex. Penal Code § 31.03(f). The trial court placed Croan on deferred adjudication community supervision for a period of ten years. On January 28, 2026, the State moved to proceed with an adjudication of guilt, alleging Croan had violated multiple terms and conditions of community supervision. At the hearing on the State's motion, the trial court announced that Croan had a "proposed agreement with the State." While admonishing Croan about his rights, the trial court informed him of his right to have a hearing on the allegations in the State's

motion, that the State had the burden to prove at least one of the allegations by a preponderance of the evidence, and that the court could assess a sentence of anywhere from two to twenty years' confinement and a fine up to $10,000. The trial court also stated it could continue Croan on probation or could extend his probation sentence.

When questioned, Croan confirmed he was asking the court to waive the hearing and approve his agreement with the State. After accepting Croan's plea of true to the allegations, the trial court admitted the State's evidence without objection: (1) a document titled, "Defendant's Written Stipulations and Waivers," signed by Croan waiving his right to a hearing on the State's revocation motion and pleading true to the allegations against him; and (2) a "Waiver of Rights to Appeal," signed by Croan stating that, after his punishment had been assessed, he voluntarily, knowingly, and intelligently waived his right to appeal. The State then announced that, in exchange for Croan's plea of true, it asked that the court find Croan violated conditions of his probation and to adjudicate him guilty on the underlying charge. The State recommended a sentence of ten years' confinement in the Institutional Division of TDCJ.[1] The trial court adjudicated Croan's guilt and sentenced him to ten years' confinement. Afterwards, Croan sought to appeal the judgment adjudicating him guilty for the offense of theft of property.

Before this Court, the trial court's certification of Croan's right to appeal identifies the case as both: (1) "a plea-bargain case, and the Defendant has NO RIGHT OF APPEAL"; and (2) as a case in which "[t]he defendant has WAIVED THE RIGHT OF APPEAL." Based on a review of the trial court's certification, we notified Croan that his appeal would be dismissed for lack of jurisdiction, and we ordered him to show cause, on or before June 22, 2026, as to why it should not be dismissed on said ground. As of today's date, Croan has not responded.

---

[1] The trial court imposed a sentence running concurrently with an unidentified possession of a controlled substance case which Croan pleaded guilty to on the same day.

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure does not prohibit a defendant's right to appeal when he pleads true to one or more allegations in a state's motion to revoke his community supervision. *See* Tex. R. App. P. 25.2(a)(2); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005) ("[Rule 25.2(a)(2)] refers only to plea bargains with regard to guilty pleas, not to pleas of true on revocation motions."). But, when a defendant pleads true and signs a waiver of the right to appeal in exchange for the State's punishment recommendation—and the trial court follows that recommendation—the waiver of the right to appeal is binding. *Horton v. State*, Nos. 02-18-00302-CR, 02-18-00303-CR, 2018 WL 3968420, at *1 (Tex. App.—Fort Worth Aug. 16, 2018, no pet.) (mem. op.); *Crowe v. State*, No. 06-25-00092-CR, 2025 WL 2825619, at *1 (Tex. App.—Texarkana Oct. 6, 2025, no pet.) (mem. op.); *Joiner v. State*, No. 03-24-00451-CR, 2024 WL 3906829, at *1 (Tex. App.—Austin Aug. 23, 2024, no pet.) (mem. op.); *cf. Ex parte Delaney*, 207 S.W.3d 794, 797–98 (Tex. Crim. App. 2006) (explaining that when a defendant waives his right of appeal in exchange for a recommended sentence that a trial court subsequently follows, "[a]ny possible source of error which might arise during the sentencing phase" is removed because the agreed-upon punishment was applied).

Here, Croan agreed to plead true to the State's allegations and signed a waiver of his right to appeal in exchange for the State's recommendation of a ten-year sentence, which the trial court followed. Croan's waiver of his right to appeal is binding. *See Crowe*, 2025 WL 2825619, at *1 (finding a valid waiver of the right to appeal when defendant pleaded true to one of the State's allegations in exchange for the State abandoning two allegations and capping his punishments at a maximum of twenty months); *Horton*, 2018 WL 3968420, at *1 (concluding defendant's waiver of her right of appeal was valid when she pleaded true to the State's allegations in exchange for a 14-month punishment recommendation).

Because Croan waived his right to appeal the trial court's judgment, we must dismiss his appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f). Accordingly, we dismiss this appeal for want of jurisdiction.

GINA M. PALAFOX, Justice

July 16, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.

(Do Not Publish)